## THE STATE v. DICKIE.

1. **Municipal Corporations:** APPOINTMENT OF OFFICER: FILLING VACANCY. Section 493 of the Code, providing for the manner of appointments to office by a city council, applies to all appointments, and in accordance with its provisions a majority of all of the members of the council, and not simply a majority of those who may happen to be present at the meeting, must vote for a candidate to fill a vacancy.

*Appeal from Des Moines Circuit Court.*

WEDNESDAY, MARCH 20.

THIS is a *quo warranto* proceeding instituted to determine the right of defendant to the office of auditor of the city of Burlington. J. W. Burdette, it is claimed, was lawfully appointed to the office, the duties of which are assumed by defendant. By judgment of the Circuit Court defendant was ousted of the office, and therefrom he prosecutes this appeal.

*Hall & Baldwin* and *J. & S. K. Tracy*, for appellants.

*Blake & Hammack*, for appellee.

BECK, J.—I. The office of auditor of the city of Burlington became vacant by resignation. Thereupon the city council, by a vote of less than a majority of all the members, appointed defendant to the office. Fourteen aldermen constitute the council; eight were present

1. MUNICIPAL corporations: appointment of officer: filling vacancy.

when defendant was appointed, and five voted for him. At the next meeting of the council J. W. Burdette was chosen auditor by a majority of all the members, eight voting for him. Defendant assuming to discharge the duties of the office, Burdette caused this proceeding to be instituted.

Counsel for defendant correctly state the point to be determined in this case, in the following language: "The sole question the court is asked to pass upon, is, what constitutes the legal number of votes of the city council necessary to fill a vacancy made by the resignation of an elective officer of a city of the first class, as organized under the general incorporation act of Iowa." The question depends for its solution wholly upon construction to be given to statutes applicable thereto.

II. The auditor, with other municipal officers mentioned in the statute is elected by the qualified electors of the city. Code, § 535. Other officers are chosen by the city council. Code, § § 522, 528. Vacancies occurring in offices filled by a vote of the people are filled by the council under authority bestowed by section 530, in these words: "In case any office of an elective officer except members of the city council shall become vacant before the regular expiration of the term thereof, the vacancy shall be filled by the city council until a successor shall be elected and qualified." No provision is found expressly relating to the filling of vacancies in offices to which incumbents are originally appointed by the council.

It will be observed that the provision of the statute just quoted confers the power of appointment to fill vacancies in elective offices upon the council, but the *manner* of the exercise of the power is not therein prescribed. We must look for it in other provisions.

But let us inquire, first, what power is conferred by the statute; we will then seek to discover the manner of its exercise. As expressed in the section quoted, it is the power to fill a vacancy in an elective office. What is it to fill a vacancy, and how is the act done? It is simply to designate a person to fill the vacant office, thereby conferring upon him the right and authority to discharge its functions. This designation, having

such effect and conferring such authority, is the *appointment* to the office.

This power of appointment may, under the statute, be exercised by the council in two cases: 1. As we have just seen, in the case of vacancies in elective offices. 2. In filling, originally, other offices, and also, doubtless, vacancies therein.

We may now proceed to inquire into the manner of the exercise of this power. Code, § 493, prescribes that, "all appointments of officers by any council shall be made *viva voce*, and the concurrence of a    *    *    majority of the whole number of members elected to the city council shall be required,    *    *    and the names of those for whom they voted, on the vote resulting in an appointment, shall be recorded." We have here the manner of making appointments by the council prescribed by the statute. To what class of officers and offices does the provision apply? There are no words of restriction in the section, or elsewere to be found, directing that the manner shall be pursued in some cases when appointments are made, and not in others; it extends to all cases of appointments. As we have seen, the council may appoint originally certain officers; they may appoint other officers to fill vacancies. Appointments in each class of cases are to be made in the same manner. The language of the section last quoted is broad and comprehensive, it is "*all* appointments of officers by any council" shall be made in the manner prescribed. We know no rule of construction which will permit us to limit this language to the appointment of officers originally chosen by the council.

It is true that many acts, most acts, of the council may be done by a vote of the council—a majority vote of a quorum, and that a majority vote of *all* the members is not necessary except when specially required by the statute. As we have seen, the legislature, by providing the manner of the exercise of the power of appointment to offices, has required a majority of all the members of the council to concur in all cases, whether the appointment be to a vacancy or to an office which the council may originally fill. It would not serve to elucidate the question to refer to the several sections of the Code pro-

viding for a majority vote of all the council, or a vote of a quorum.

We find it unnecessary to pursue the discussion further, as the considerations above presented lead us to a satisfactory conclusion that the decision of the Circuit Court is correct.

AFFIRMED.